MUNICIPALITY OF SAN JUAN *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a Decision of the Registrar
of Property of San Juan.

No. 11.—Decided November 16, 1903.

DOMINION TITLE.—The omission to state with clearness in the record of a house, the ownership of the lot upon which it is constructed, cannot prejudice the owner thereof whose right is established by a certificate issued in the manner prescribed by article 36 of the Regulations for the Execution of the Mortgage Law.

STATEMENT OF THE CASE.

The hearing has been had in this appeal taken by the Municipality of San Juan from the refusal of the Registrar of Property thereof, to admit to record a lot in favor of said Municipality.

José de Jesús Pesquera filed with the Registrar of Property of this city a certificate issued by the Mayor thereof, Manuel Egozcue y Cintrón, on April 8, 1902, wherein it was stated that according to the records on file in the City Archives, the Municipality of San Juan had the absolute ownership of lot N° 19, Sol Street, this city, consisting of 222.35 square meters, in conformity with a declaration of the Insular Government, dated May 6, 1853, approved and ratified by said Government on September 12 of the same year; that on the lot to which the certificate referred there stood a house bearing the same number that appeared on the records of the Registry as being now the property of Ramón de Torres y Borges, Rafael Cabrera y Torres, Juana Hortensia, Juan Ramón and Manuel Torres y Variderlinden, in volume 28 of this city, reverse of folio 6, property 1149, record fifth, by award to them upon the death of Juan Ramón de Torres y Ramos, the late husband of Josefa Borges, who had paid the rent on said lot up to December 31, 1893, a mortgage upon said house having been constituted to secure the payment of the rent by Bernarda Baez and Juan Casimiro de León, former owners of said property, according to a deed

el arrendamiento del solar hasta el 31 de Diciembre de 1893, constando haberse constituido hipoteca sobre la casa para responder del pago del arrendamiento por Bernarda Baez y Juan Casimiro de León, anteriores dueños de dicha finca, en escritura de 2 de Julio de 1851, ante el Escribano Don Mauricio Guerra, que fué anotada en el antiguo Registro y trasladada al moderno al folio 61 vuelto del tomo 28 de esta Capital, finca 1149, inscripción 6ª y debiendo inscribirse el solar descrito á favor del Ayuntamiento de San Juan en cumplimiento de lo que determina el artículo 36 del Reglamento de la Ley Hipotecaria, expedía la expresada certificación ¡por duplicado al Registrador de la Propiedad de esta Capital, encareciéndole la devolución de un ejemplar para que surtiera sus efectos en el respectivo expediente; y solicitada la inscripción del citado solar por el presentante de la certificación aludida, Don José de Jesús Pesquera, la denegó el Registrador por los fundamentos que expresa la nota que obra al pié de dicho documento, y que transcrita literalmente dice así :

"No admitida la inscripción del solar á que se refiere el anterior documento, en armonía con lo dispuesto en el artículo 20 de la Ley Hipotecaria, porque la casa número 19 de la calle del Sol de esta Ciudad se halla inscrita á favor de Don Ramón Antonio de Torres y Borges, Don Rafael Cabrera Torres, Doña Juana Hortensia, Don Juan Ramón y Don Manuel de Torres y Variderlinden, sin que en las inscripciones relativas á dicha finca aparezca distinción del dominio del suelo y del edificio en él construido por lo que es de presumirse que el solar pertenezca á los dueños de la casa, pues de no ser así se hubiera expresado con claridad en el Registro como terminantemente lo exige el artículo 64 del Reglamento de la citada ley; y que se ha extendido anotación preventiva al folio 21 del tomo 52 de esta Ciudad, finca 1149 duplicado, anotación Letra A., que tendrá efecto legal durante ciento veinte días de la fecha.—San Juan, Puerto Rico, Octubre 2 de 1903.—El registrador, José Benedicto."

*Resultando :* que notificada la negativa del Registrador, al presentante de la certificación expresada solicitó que se elevase dicho documento á este Tribunal Supremo para la resolución que procediera, como así lo verificó el Registrador, con la comunicación correspondiente.

executed on July 2, 1851, before Notary Mauricio Guerra, which was entered in the old Registry and transferred to the new, under folio 61, (reverse), volume 28 of this Capital, as property 1149, record sixth; and as the lot described should be recorded in the name of the Municipality of San Juan, in compliance with the provision of article 36 of the Regulations for the execution of the Mortgage Law, he issued the said certificate in duplicate to the Registrar of Property of this Capital requesting him to return a copy in order that it might have its effect in the proper record. And the admission of aforesaid lot to record having been applied for by José de Jesús Pesquera, the person presenting the certificate referred to, the same was refused by the Registrar for the reasons set forth in the memorandum placed at the bottom of said document, which literally reads as follows:

"The admission to record of the lot referred to in the above document is refused in conformity with the provisions of article 20 of the Mortgage Law, because house No. 19, Sol Street, this city, is recorded in favor of Ramón Antonio de Torres y Borges, Rafael Cabrera Torres, Juana Hortensia, Juan Ramón and Manuel de Torres y Variderlinden, and in the entries referring to said property no distinction is made between the ownership of the ground and that of the building constructed thereon, for which reason it is to be presumed that the lot belongs to the owners of the house, as otherwise it would have been clearly stated in the Registry, as is expressly required by article 64 of the Regulations for the execution of aforesaid law. Cautionary notice has been entered on page 21, volume 52 of this city, property No. 1149 duplicate, entry A., which shall have legal effect during 120 days from date hereof. San Juan, Porto Rico, October 2, 1903.—José Benedicto, Registrar."

Notice of said refusal having been served upon the person who presented the aforesaid certificate, he requested that said document be sent up to this Supreme Court for decision, which was done by the Registrar, with the proper communication.

MR. CHIEF JUSTICE QUIÑONES, after making the above statement of facts, rendered the following opinion of the court:

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal:

*Considerando:* que la omisión padecida en la inscripción que se hizo de la casa número 19 de la calle del Sol de esta Capital, á favor de la Sucesión de Don Juan Ramón de Torres y Ramos, al no determinarse en ella con la especificación que requiere el artículo 64 del Reglamento de la Ley Hipotecaria, á quien pertenecía el dominio del solar y de la casa en él construida, no puede resultar en perjuicio del Ayuntamiento de esta Capital que acredita el dominio del solar de que se trata con la certificación expedida por el Alcalde de esta Ciudad, ó sea en la forma que prescribe el artículo 36 del citado Reglamento Hipotecario; y por consiguiente que no constando inscrito el solar "expresamente" en favor de determinada persona, no está el caso comprendido en la prohibición que contiene el artículo 20 de la Ley Hipotecaria que cita el Registrador en su nota.

*Vistas* las disposiciones legales citadas en la presente resolución. *Se revoca* la nota denegatoria puesta por el Registrador de la Propiedad de esta Capital al pié de la certificación de que se trata en el presente recurso, y se declara que procede la inscripción del solar que se describe en el citado documento á favor del Ayuntamiento de esta Ciudad; devolviéndose la certificación aludida al Registrador de la Propiedad, con copia de la presente resolución para su cumplimiento y demás efectos.

Jueces concurrentes: Sres. Hernández, Sulzbacher y Mac-Leary.

El Juez Asociado Sr. Figueras no intervino en la resolución de este caso.

The omission in the record of house N? 19, Sol Street, this city, made in favor of the estate of Juan Ramón de Torres y Ramos, of not stating therein with the clearness required by article 64 of the Regulations for the execution of the Mortgage Law, who was the owner of the lot and of the house built thereon, cannot prejudice the interests of the Municipality of San Juan, which establishes its ownership of the lot in question by the presentation of the certificate issued by the Mayor of this city, that is to say, in the manner prescribed by article 36 of the Regulations for the execution of the said Mortgage Law; and, therefore, inasmuch as the lot is not "expressly" recorded in favor of any particular person, the case does not come under the prohibition contained in article 20 of the Mortgage Law, cited by the Registrar in his decision.

In view of the legal provisions cited herein, the decision of the Registrar of Property entered at the end of the certificate referred to in the present appeal, is hereby reversed, and we adjudge that the lot described in aforesaid document be recorded in favor of the Municipal Corporation of this city. The aforesaid certificate is ordered to be returned to the Registrar of Property, with a copy of this decision, for compliance therewith.

Justices Hernández, Sulzbacher and MacLeary, concurred.

Mr. Justice Figueras did not sit at the hearing of this case.